UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PATRICK SULLIVAN, individually; LAURA SULLIVAN, individually; CARMEN BENEDICT, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> GLOBAL OUTREACH, LLC, a New Jersey LLC; GLOBAL OUTREACH, SA, a foreign entity of unknown origin; ANIL KOTHARI, an individual; HEMANGINI KOTHARI, an individual, <br><br> Defendants. | CASE NO.:   2:07-CV-01122-PMP-RJJ <br><br> **JUDGMENT** |

      Default (Doc. # 143) having been entered against Defendants Global Outreach, LLC, Anil Kothari, and Hemangini Kothari ("Defendants") pursuant to this Court's Order entered on March 11, 2011 (Doc. # 142); this Court directing judgment to be entered against said Defendants; and entry of judgment as set forth herein supported by good and sufficient evidence, and for good cause shown, this Court hereby makes the findings and enters judgment as follows:

      1.    In the fall of 2006, Defendants warranted to Plaintiffs that they were the developers of a property in Costa Rica consisting of a Hyatt Hotel, condominiums, and a Greg Norman designed golf course (the "Project") and, to sustain development until a construction loan could be funded, Defendants represented to Plaintiffs that they needed short-term financing.

      2.    In considering whether to loan money to Defendants, Plaintiffs reviewed and considered various information and representations provided by Defendants to various media, including, but not limited to, Defendants' internet web-page and literature (brochure), which provided false representations regarding, among other things: the scope of the Project; Defendants' experience and abilities in undertaking the Project or others like it; the amount of financing needed for the Project; anticipated funding sources for the Project; the amount of

financing being secured from investors; the amount of financing being deposited by Defendants directly or personally (i.e., non-investor monies); the progress of the Project; anticipated time-frames with regard to receipt of various funding; and short-term financing needs.

3. Based on Defendants' representations, on or about November 7, 2006, Plaintiffs entered into a promissory note (the "Agreement") with Defendants.

4. As a condition precedent to Plaintiffs lending money to Defendants, both Anil Kothari and Hemangini Kothari agreed to serve as joint and several guarantors of the obligations created by the Agreement.[1]

5. Plaintiffs performed all of the duties and obligations required of them under the terms of the Agreement, including loaning $75,000 as required by the Agreement.

6. The Agreement provides that $125,000 was to be paid back at the earlier of December 6, 2006, or one business day after funds were received by Defendants as represented on the face of the Agreement (the "Maturity Date"). The Court finds this to be reasonable based on the nature of the Agreement and not being tied to any default provisions.

7. As an inducement to the Plaintiffs loaning the funds to Defendant Global Outreach, LLC, Anil Kothari and Hemangini Kothari expressly represented and warranted in the November Note, among other things, that Defendant Global Outreach, LLC would be receiving at least One Million Dollars ($1,000,000.00) of financing within thirty (30) days of making the November Note, which financing would be utilized to re-pay the loan proceeds to Plaintiffs, and that Plaintiffs' funds would only be used for business purposes related to the Project and not for any other business or personal use.

8. The Maturity Date passed without repayment pursuant to the Agreement.

9. Plaintiffs, through legal counsel, made demand for payment of all amounts owed under the Agreement. Despite demand, no amount has been paid under the Agreement or the guarantee by any Defendant.

10. Plaintiffs thereafter commenced this action.

---

[1] Global Outreach, S.A. also guaranteed the repayment of the loan. However, Global Outreach, S.A. has filed for bankruptcy protection in New Jersey. Therefore, no relief has been requested and no relief is granted against Global Outreach, S.A. based on the automatic stay provisions of its bankruptcy filing.

11.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1335, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiffs' citizenship (all three Plaintiffs' are Nevada residents) is diverse from those for each Defendant (all Defendants are residents of New Jersey and Global Outreach, S.A. is a Costa Rican entity). Further, in entering into the Agreement, each Defendant consented to personal jurisdiction over them in this Court.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), and further because the parties consented to the venue of this Court pursuant to the terms of the Agreement.

13.     The Court previously determined by Order (Doc. #26) entered on January 28, 2008, that Plaintiffs were entered to summary judgment on their first claim for relief for breach of contract as to the principal amount loaned of $75,000.00, and incorporates those findings herein.

14.     The Court further finds that the consideration for the Agreement was the repayment of the principal amount and an additional $50,000.00 within thirty days. The referenced $50,000.00 was bargained for by the parties, does not relate to any default provision in the Agreement, and Mr. Kothari acknowledged under oath that such a return was reasonable based on loans he could procure at or around that same time.

15.     The Court further finds that while the post-default provisions contained in the Agreement operate as a penalty under Nevada law. The Court finds that a fair investment return on the Agreement based on the lack of security for the repayment of the loan, the short-term nature of the loan, and the high risk nature of the loan are liquidated damages of 15% per annum or $47,812.50, which constitutes fair and reasonable compensatory damages for Defendants' acts and omissions, in addition to the $75,000.00 principal amount and $50,000.00 bargained-for consideration. Further supporting the reasonableness of these liquidated damages are the other loans entered into by the Defendants in or around the same timeframe as the Agreement, and Mr. Kothari's testimony that a default interest rate of 12% per month would be a reasonable default interest rate given the status of the Project, Defendants' financial condition at the time, the need and use of the funds, and the limited time that there was to raise the necessary capital, all of which precluded a loan from any traditional lending source.

16. In order to prevail on their claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must demonstrate that: (1) plaintiffs and defendants are parties to a contract; (2) that defendants owed a duty of good faith to the plaintiffs; (3) that defendants breached that duty by performing in a manner that is unfaithful to the purpose of the contract; and (4) that plaintiffs' justified expectations were thus denied. Perry v. Jordan, 111 Nev. 943, 900 P.2d 335 (1995); Hilton Hotels v. Butch Lewis Productions, 107 Nev. 226, 808 P.2d 919 (1991). The Court finds that Plaintiffs have satisfied each of these elements, and that the compensatory damages are the same as detailed above for defendants' breach of written contract. The Court further finds that Defendants' breach of the implied covenant of good faith and fair dealing was tortious, and undertaken maliciously, oppressively, fraudulently and in conscious disregard of the Plaintiffs' rights, including to specifically cause harm and injury to them in inducing them to enter into the Agreement and provide the funds to the Defendants. As such, punitive damages are appropriate to punish the Defendants for their acts and to deter them from acting in a similar fashion in the future.

17. In order to prevail on their claim for intentional misrepresentation/fraud, Plaintiffs must prove by clear and convincing evidence that: (1) defendants made a false representation; (2) defendants knew or believed that their representation was false, or defendants had an insufficient basis of information for making the representation; (3) defendants intended to induce plaintiffs to act or refrain from acting upon the misrepresentation; (4) plaintiffs justifiably relied upon defendants' representation; and (5) plaintiffs sustained damages as a result. Barmettler v. Reno Air, Inc., 114 Nev. 441, 956 P.2d 1382 (1998); Blanchard v. Blanchard, 108 Nev. 908, 939 P.2d 1320 (1992). Plaintiffs satisfy these elements as to Defendants, because they made false representations to the Plaintiff which Defendants knew were false and which they intended the Plaintiff to rely upon, including without limitation, the representations made on the face of the Agreement that Defendants had secured financing of $1,000,000.00, that said financing would be forthcoming within thirty days of the misrepresentation, that the loan proceeds would only be used for the Project and not for any personal use, and that they would pay the Plaintiffs pursuant to the terms of the Agreement within thirty days or within one business day of receiving other

loans. Defendants also concealed material facts from the Plaintiffs, including without limitation, that Anil Kothari had previously been convicted of fraud in association with a real estate transaction and that both Anil and Hemangini Kothari had filed personal bankruptcy. Defendants knew their misrepresentations were false, knew that the concealed facts would be relevant to the Plaintiffs' decision to enter into the Agreement, and at a minimum, that they had an insufficient basis of information for making the representations. Defendants intended to induce the Plaintiffs to rely on the misrepresentations, Plaintiffs justifiably relied on the aforementioned representations, and consequently were damaged.

18. In order to prevail on their claim for negligent misrepresentation, Plaintiffs must prove by a preponderance of the evidence that: (1) defendants, in the course of an action in which they had a pecuniary interest, failed to exercise reasonable care or competence in obtaining or communicating information to the plaintiffs; (2) plaintiffs justifiably relied on this information; and (3) plaintiffs suffered damages as a result. Bill Stremmel Motors, Inc. v. First Nat'l Bank of Nevada, 94 Nev. 131, 575 P.2d 938 (1978). Plaintiffs established these elements as Defendants failed to exercise reasonable care or competence in communicating information to the Plaintiffs, including without limitation, that they had secured financing of $1,000,000, that those funds would be received within thirty days, and that they would immediately pay the Plaintiffs pursuant to the terms of the Agreement. Plaintiffs justifiably relied on the misrepresentations made by the Defendants and suffered damages as a result of such reliance.

19. In order to prevail on their claim for unjust enrichment, Plaintiffs must prove by a preponderance of the evidence that Defendants unjustly retained the money or property of the Plaintiffs against fundamental principles of justice or equity and good conscience. Asphalt Products v. All Star Ready Mix, 111 Nev. 799, 898 P.2d 699 (1995). The Court finds that Defendants unjustly retained the $75,000.00 provided to them by the Plaintiffs against fundamental principles of justice or equity and good conscience.

20. The Court further finds that the Plaintiffs have established civil racketeering by the Defendants in violation of Nevada law as codified in NRS 207.350 through 207.520, inclusive, as (a) Defendants have engaged in at least two crimes, including (i) theft of money or property

valued at $250 or more; and (ii) obtaining possession of money or property valued at $250.00 or more, with the same or similar pattern, intents, results, accomplices, victims and/or methods of commission; (b) that Defendants have undertaken a scheme to utilize so-called "options" and/or notes by and between Defendants and Plaintiffs, as well as between Defendants and various other non-party investors (collectively as "Non-Party Defrauded Investors"); and (c) that the so-called "options" were designed by Defendants specifically to circumvent the securities laws which required, among other things, that full disclosures via a private placement memorandum be made to any potential investor and that the Defendants did not create the required disclosures because they wished to conceal their previous bankruptcies and Anil Kothari's previous felony conviction.

21. Defendants' acts and omissions have directly and proximately caused the Plaintiffs to suffer actual damages.

22. Pursuant to NRS 207.470, Plaintiffs are entitled to recovery of an additional $375,000.00 against the Defendants, constituting three times their damages sustained (without inclusion of the compensatory damages related to the default), and to their attorney's fees and costs incurred in prosecuting this matter.

23. Additionally, by reason of the foregoing, Plaintiffs are entitled to exemplary and punitive damages pursuant to NRS 42.005, as the Court finds that Defendants' conduct, namely that underlying the Court's finding of tortious breach of the implied covenant of good faith and fair dealing, fraud/intentional misrepresentation/concealment, and civil racketeering, was undertaken willfully, wantonly, oppressively, maliciously, fraudulently and in conscious disregard of the Plaintiffs' rights, with the intent to cause harm to the Plaintiffs, and which Defendants succeeded in actually causing harm to the Plaintiffs. As such, the Court finds that the imposition of punitive damages in the total amount of $375,000.00 is appropriate to deter the Defendants from acting similarly in the future and punish the Defendants for their conduct.

24. The Court further finds that the Plaintiffs are entitled to the recovery of attorneys fees pursuant to paragraph E of the Agreement and/or pursuant to NRS 207.470 in the amount of $44,361.50. The Court has reviewed the Plaintiffs' Memorandum of Fees and Costs, including specifically the billing entries related to the prosecution of this case, finds those entries and fees to

1  be reasonable and customary for the local community, and that such fees were necessary in the
2  prosecution of this action.

3      25.    The Court further finds that the costs incurred by the Plaintiffs in the amount of
4  $2,106.24 are reasonable and were necessary in the prosecution of this action.

5      26.    Prejudgment interest pursuant to the statutory rate equivalent to the weekly average
6  1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal
7  Reserve System, for the calendar week preceding the date of Judgment, which currently is 3.47%

8      27.    The sanctions previously imposed against the Defendants' for their non-
9  compliance with the discovery process in the amount of $4,780.00 are still required to be paid by
10 the Defendants. Said amount is incorporated in the amount awarded for attorney's fees below.

11 **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs, Laura
12 Sullivan, Patrick Sullivan and Carmen Benedict have judgment against Defendants Global
13 Outreach, LLC, Anil Kothari and Hemangini Kothari, jointly and severally, as follows: (1)
14 compensatory damages for the principal amount of $75,000.00; (2) compensatory damages for the
15 bargained-for repayment of an additional $50,000.00; (3) compensatory damages consisting of the
16 liquidated damages of $47,812.50; (4) punitive damages in the amount of $375,000; (3) pre-
17 judgment interest of $18,936.72; (5) attorneys fees in the amount of $44,361.50; (6) costs in the
18 amount of $2,106.24 for a total judgment of $613,216.96, with interest accruing at a post-
19 judgment rate at the statutory rate equivalent to the weekly average 1-year constant maturity
20 Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the
21 calendar week preceding the date of Judgment.

22 DATED: this 21st day of March, 2011.

                                                PHILIP M. PRO
                                                United States District Judge